UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WHITE,<br><br>                              Petitioner,<br><br>v.<br><br>CYNTHIA TAMPKINS, Warden,<br><br>                              Respondent. | Case No.:  16cv2121 WQH (PCL)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS and**<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner has no funds on account at the California correctional institution in which he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

**FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS**

The Petition must be dismissed, however, because this Court lacks subject matter jurisdiction. Petitioner raises only one claim in the Petition – that the trial court improperly imposed a restitution fine without sufficient evidence of his ability to pay. (*See* Pet. at 6.)

> Title 28 U.S.C. § 2254(a) provides that:
> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

The requirement that a habeas petitioner be "in custody in violation of [federal law]" is "jurisdictional." *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010); cf. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (noting that 28 U.S.C. § 2241(c)(3)s requirement that a habeas petitioner be "in custody in violation of the Constitution or laws or treaties of the United States" is jurisdictional). "The plain meaning of the text of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction." *See Bailey*, 599 F.3d at 980. Rather, "[it] explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." *See id*. (emphasis added) (citing *Dickerson v. United States*, 530 U.S. 428, 439 n. 3 (2000)). If the remedy sought is merely "the elimination or alteration" of a petitioners restitutionary obligation, then there is no such nexus between the habeas claim and the petitioners purportedly unlawful custody. *See id*. at 981; see also *Washington v. Smith*, 564 F.3d 1350, 1350-51 (7th Cir. 2009) (holding that a petitioner did not satisfy the "in custody" requirement because, even if he prevailed on his ineffective assistance claim, "the only possible benefit [would] be a lower payment to his victim") (quoted with approval in *Bailey*, 599 F.3d at 981-82). In such a case, the action must be dismissed for lack of subject matter jurisdiction. *See Bailey*, 599 F.3d at 984.

Here, Petitioner's only claim challenges the restitution order. Even if Petitioner prevailed on this claim, he would not obtain early release from custody; instead, he would be entitled to only "the elimination or alteration of a money judgment." *See id*. at 981. Thus, the "nexus" between these claims and illegal custody is lacking. *See id*. Put differently, the legal theories on which his claim relies are irrelevant – the only relevant consideration is whether his claims would impair the validity of the custodial sentence. *See id*. at 978, 984 (affirming dismissal of ineffective assistance claim for lack of subject matter jurisdiction); *Washington*, 564 F.3d at 1351. Because Petitioner's claim does affect the legality of Petitioner's confinement, this Court lacks subject matter jurisdiction over the action. *See Bailey*, 599 F.3d at 984.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the application to proceed in forma pauperis and **DISMISSES** the Petition without prejudice, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 30, 2016

Hon. William Q. Hayes
United States District Court